**UNITED STATES of America, Plaintiff,**

v.

**SONAL, INC., Defendant.**

**No. 81 Civ. 5267 (MP).**

United States District Court,
S.D. New York.

Nov. 14, 1983.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., by Jane E. Bloom, Asst. U.S. Atty., New York City, for U.S.

Raymond J. Takiff, Coconut Grove, Fla., for defendant.

Crotti, Gurland & Diamond by Jerome H. Diamond, New York City, for claimants, Crespo de Botero and Salas.

## OPINION

MILTON POLLACK, Senior District Judge.

By this action, the United States seeks to reduce to judgment a ten million dollar civil penalty assessed against the defendant by the Department of the Treasury pursuant to former 31 U.S.C. § 1103. That section, now codified at 31 U.S.C. § 5321(a)(2), authorizes the Secretary of the Treasury to impose a civil penalty on a person not filing a report, or filing a report containing a material omission or misstatement, of the import or export of certain monetary instruments described in current 31 U.S.C. § 5316(a). The United States also seeks an injunction restraining defendant from violating the customs laws. That injunction is sought pursuant to former 31 U.S.C. § 1057, now codified at 31 U.S.C. § 5320, which authorizes the Secretary of the Treasury to seek injunction of violations of current 31 U.S.C. §§ 5311–5322 when he believes that those sections have been violated.

In an earlier proceeding in this action, this court froze an account (# 0730858209, Sonal # 2) maintained by the defendant at Bank Leumi in New York City. Defendant has since informed the court of its election not to contest this action. Accordingly, the United States has brought on a motion for summary judgment, pursuant to Fed.R. Civ.P. 56, which is unopposed by defendant.

Counsel for claimants, holders of checks drawn on the defendant's frozen Bank Leumi account, has filed an affidavit in opposition to the motion brought forward by the United States for summary judgment. As a preliminary step in an attempt to secure satisfaction of the checks held by his clients from the funds attached by the United States, counsel for claimants requests this court to permit claimants to intervene in this action or, in the alternative, to render summary judgment in favor of the United States in an amount reduced by the value of the drafts held by the claimants.

■ As defendant does not oppose the government's motion for summary judgment, that motion stands or falls on the strength of the claimants' arguments in opposition to summary judgment. Claimants, however, are not assignees of the defendant and therefore lack standing to assert any such arguments. Accordingly, claimants' request to intervene in this action is denied, and the summary judgment motion brought forward by the United States is granted.

Claimants exchanged Colombian pesos for checks drawn on defendant's Bank Leumi account. Those checks were payable in United States currency, upon presentation at Bank Leumi in New York. Claimants' exchange of pesos for those checks thus constituted a purchase of dollars at a fixed exchange rate. Claimants came to New York and presented their checks for payment. Bank Leumi refused to honor the drafts, in accordance with the temporary restraining order, issued by this court in an earlier proceeding in this action, freezing defendant's account for the benefit of the United States. To date, defendants have not secured payment on the checks they purchased. Claimants therefore seek payment from defendant's account, forfeiture to the government of which will result from the priority gained by the United States and the grant to it of summary judgment herein.

■ Where a party challenging a forfeiture is not the party in possession of the property at the time it was seized, a valid assignment to the claimant must be demonstrated. *United States v. $364,960.00 in United States Currency*, 661 F.2d 319, 327 (5th Cir.1981). For claimants herein to secure payment on their checks from the defendant's bank account, therefore, claimants must establish their standing by demonstrating that they received a valid assignment of a portion of that account.

Claimants' status as assignees of a portion of the funds seized by the government must be determined with reference to an established body of commercial law. Claimants have suggested that the appropriate body of law to be applied is that of Colombia, the nation in which plaintiffs exchanged pesos for checks drawn in United States currency on defendant's account at Bank Leumi in New York. Plaintiff, however, argues that the applicable law is that of New York, the state in which Bank Leumi refused to honor the check drawn on defendant's account, pursuant to a court order freezing that account before presentation of the check.

In resolving choice of law questions, the New York courts have adopted an approach that requires an analysis of the interests which the laws of each [jurisdiction] with some connection to the dispute seek to promote, and a determination, based on each [jurisdiction's] relationship to the parties and the underlying transaction or occurrence, of 'which of those jurisdictions has the paramount interest in the application of its law.' [Citation omitted.]

*Holzsager v. Valley Hospital*, 482 F.Supp. 629, 634 (N.Y.1979). In New York, therefore, "the law of the jurisdiction having the greatest interest in the litigation" has been

held applicable to actions on a contract. *Intercontinental Planning, Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 382, 300 N.Y. S.2d 817, 825, 248 N.E.2d 576, 581 (1969), *quoting Miller v. Miller*, 22 N.Y.2d 12, 15–16, 290 N.Y.S.2d 734, 737, 237 N.E.2d 877, 879.

In *J. Zeevi and Sons, Ltd. v. Grindlay's Bank (Uganda) Ltd.*, 37 N.Y.2d 220, 371 N.Y.S.2d 892, 333 N.E.2d 168 (1975), *cert. denied*, 423 U.S. 866, 96 S.Ct. 126, 46 L.Ed.2d 95 (1975), the New York Court of Appeals held New York law applicable to an action brought by an Israeli partnership as the beneficiary of an irrevocable letter of credit issued by the defendant, a Ugandan bank. While the credit was made valid for presentation of drafts in Kampala, the amount of credit was calculated and payments were to be made in United States currency. A New York City bank, moreover, was appointed by defendant to effect reimbursement in dollars of checks drawn under the letter. The action arose when the defendant instructed its New York agent bank to refrain from effecting reimbursement of checks drawn on the plaintiff's letter. New York law was held applicable due to New York's interest in the matter as an international financial capital. The parties, moreover, by listing United States dollars as the form of payment, were held to have implicitly accepted New York's position as an international financial clearinghouse, and to have set up procedures to implement their trust in New York's policies. *Id.* at 898–99, 333 N.E.2d at 172–73.

■ In the instant case, defendant allegedly issued drafts to claimants drawn on its New York bank account. Those drafts were to be paid in dollars. All the elements present in *Zeevi*—drafts drawn in U.S. dollars, payment of which was to be effectuated by a New York bank—are present in the instant case. Moreover, the drafts issued were drawn on a New York bank, and not on a foreign bank, as in *Zeevi*. The instant case is thus more clearly one to be resolved by New York law than was *Zeevi*. Accordingly, defendant's

liability to claimants arising from the failure of defendant's New York bank to honor drafts issued by defendant will be resolved with reference to New York law.

■ New York Uniform Commercial Code section 3–409(1) provides:

A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it.

Acceptance of a draft by a drawee is defined in New York Uniform Commercial Code section 3–410(1):

Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.

Under New York Uniform Commercial Code section 3–409(1), the drawing of a check does not operate per se as an assignment of funds; drawing a check may only have such effect when the parties so intend and when the drawee accepts the check. *In re Schenck's Estate*, 63 Misc.2d 721, 313 N.Y.S.2d 277, 280 (N.Y.Surr.Ct.1970).

In the case at bar, claimants did not secure Bank Leumi's acceptance of the checks they purchased in Colombia. Thus, no portion of the defendant's funds in the frozen Bank Leumi account was ever assigned to claimants. As claimants are not assignees of the defendant, and as they were not in possession of any property of the defendant at the time of seizure, claimants lack standing to contest the forfeiture that will be consummated on a grant of summary judgment in this action.

In prior proceedings herein, this Court directed a levy on defendant's property within the Southern District of New York sufficient to satisfy the amount of $10,000,000, which represents the plaintiff's demand in its complaint, together with *probable interest*, costs and reasonable attorneys' fees entitled to be recovered by law. The Court's order *further* enjoined the defendant from transferring or disposing of

assets presently in its possession, including Account 0730858209, Sonal # 2, maintained at Bank Leumi, 579 Fifth Avenue, New York, New York, and said bank was enjoined and restrained from transferring any moneys out of said account, pending determination of this action. The Court's order further directed the bank to forthwith deposit with the Clerk of this Court the funds then on deposit in said account.

Pursuant thereto, the Clerk of this Court received in his custody a check in the amount of $453,731.95 for such deposit, and was directed to reinvest said sum in interest bearing certificates of deposit.

Accordingly, summary judgment is directed in favor of plaintiff against defendant for $10,000,000 plus costs to be taxed by the Clerk and interest to be added thereto from the date of the complaint herein, August 25, 1981; and it is further

Ordered that the Clerk of this Court shall pay over to the plaintiff in partial satisfaction of its judgment to be entered hereon, the amount of said deposit with such interest as has accrued thereon, subject to Marshal's fees.

Plaintiff shall have execution on its judgment.

Submit judgment accordingly, within five (5) days hereof.

SO ORDERED.